IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANTHONY R. CLARK,                )
                                 )
              Plaintiff,         )
                                 )
v.                               )         No. CIV 12-207-RAW-SPS
                                 )
SERGEANT CHADWICK and            )
CORRECTIONAL OFFICER GRAMS,      )
                                 )
              Defendants.        )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss this action as frivolous. The court has before it for consideration plaintiff's complaint, the defendants' motion, and plaintiff's response. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking compensatory and punitive damages for alleged constitutional violations during his incarceration at DCF. The defendants are DCF Sergeant Chadwick and DCF Correctional Officer Grams.

Plaintiff alleges that on October 25, 2011, he was "hazed" by the defendants, suffering cruel and unusual punishment and excessive use of force. He specifically claims the defendants forced him to walk a long and grueling distance in restraints from Intake to Echo Charlie Unit, while carrying his property bag and its contents. Plaintiff claims he suffered serious physical and mental fatigue, lacerations to both wrists and ankles, permanent numbness in his left thumb, and continuing muscle spasms in his right foot. He also suffered psychological fear of intimidation and assault, caused by the defendants' taunting and verbal threats of physical harm, done under the guise of policy and procedure. During the walk Defendant Grams apparently tried to help plaintiff carry his belongings, but Defendant Chadwick would not allow it, stating that plaintiff only needed what he could carry himself. Furthermore, Chadwick decided to make plaintiff walk "the long way," instead of a shorter

route. Plaintiff asserts he suffers from "explosive anger disorder," a mental health problem that existed prior to his first incarceration, and the alleged incident has caused him serious psychological setbacks, especially when he is required to be "black boxed" for movement.

Plaintiff's further alleges his initial cell assignment had to be changed, because Inmate Ervin refused to be cuffed to allow plaintiff to enter the cell. To avoid a violent, racially-fueled conflict, plaintiff suffered embarrassment, was degraded, and received a misconduct for yelling, "I fear for my life" to get the officers' attention. Plaintiff then was removed and relocated to segregation.

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he

2

must provide such facts, if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motion.

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 5 (1992); a prison officials's act or omission must result in the denial of "the minimal civilized measures of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S. at 297. To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid; see also id.* at 302-03; *Hudson*, 503 U.S. at 8. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. *Wilson*, 501 U.S. at 302-03. . . .

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (footnote omitted).

The inquiry for Eighth Amendment excessive force claims by convicted prisoners is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.1992) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). "The 'malicious and sadistic' requirement applies regardless of whether the plaintiff has alleged significant physical injury, for the ultimate constitutional inquiry is directed at whether an unnecessary and wanton infliction of pain has occurred." *Id.* (internal quotations omitted).

Here, plaintiff is alleging the "excessive force" exerted by the defendants was his having to carry his own belongings from the prison's intake to his housing unit in restraints, allegedly resulting in fatigue, lacerations, thumb numbness, muscle spasms, and exacerbation of his mental problems. He does not allege that any of his injuries required medical treatment. After careful review, the court finds this incident constituted nothing more than an ordinary incident of prison life and did not rise to the level of a constitutional claim. As for the defendants' unspecified, alleged verbal threats, the Tenth Circuit has held that verbal abuse alone is not actionable under § 1983. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.

3

1979).

Regarding the alleged incident about his cell assignment, the court finds he has not alleged sufficient facts to state a claim. The mere fact that he yelled for help and subsequently was allegedly placed in segregation, fails to set forth the elements of an Eighth Amendment claim.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous, and this dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this ___19th___ day of September 2013.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**